Ms. Nina Windsor Municipal Recreational Improvement District #3 Club Road Horseshoe Bend, Arkansas 72512
Dear Ms.Windsor:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). The basis for your request is A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel or employee evaluation records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Your letter indicates that someone has made an FOIA request for the "tape" of an interview of a former employee that was conducted by an MRID Commissioner. You have decided to release atranscript of the interview, which I assume satisfies the requestor. You have made the following decisions:
 • that the Municipal Recreational Improvement District is subject to the FOIA;
 • that the document requested is a public record;
 • that the record meets the definition of an employee-evaluation record; and
 • that the record must be disclosed, without any redactions, because, in your judgment, the test for the release of employee-evaluation records so requires. *Page 2 
You ask for my opinion about whether these decisions are consistent with the FOIA.
RESPONSE
My statutory duty is to state whether the decision of the custodian of records is consistent with the FOIA. Having evaluated the record, your background facts, and your analysis, it is my opinion that your decision to release the transcript is only partly consistent with the FOIA. As explained below, while the decision to release the transcript is consistent with the FOIA, there are some discrete pieces of information on the transcript that must be redacted.
DISCUSSION
In Opinion No. 2011-068, which I issued to you a few weeks ago, I noted all the standard definitions and rules that apply to the release of employee-evaluation records. Instead of repeating all that, I will simply enclose that opinion for ease of reference.
After applying those definitions and rules to the transcript you have attached to your request, it is my opinion that, with one caveat, your decisions are consistent with the FOIA. I will address each of your decisions in turn. I assume, for purposes of this opinion, that the Horseshoe Bend MRID is subject to the FOIA. The transcript is a writing, that is obviously kept, that reflects an investigation of the job performance of a former employee. As such, the document is a public record and meets the definition of an employee evaluation record. When the test described in Opinion No. 2011-068 is applied to your representations about the transcript, it seems clear that the transcript must be released. Therefore, in my opinion, your decisions are consistent with the FOIA to that extent.
The caveat to this, however, pertains to redactions. One piece of information may need to be redacted and another piece of information must be redacted. As for the former, page "12 of 36" contains personal information about the former employee. While I lack sufficient facts to form a definitive opinion, this information may be eligible for redaction pursuant to the constitutional to privacy. In McCambridge v. City of Little Rock, [1] the Arkansas Supreme Court recognized that the constitutional *Page 3 
right to privacy inherent in certain extremely personal information supersedes the specific disclosure requirements of the FOIA.
To assess whether this exception applies in any given case, custodians must first determine whether the record contains any information that is protected by the constitution. TheMcCambridge court provided a three-step test to help custodians determine whether any piece of information qualifies as so-called "constitutionally protectable information." To qualify, the three elements must be met. First, the subject of the information must want to keep, and must have kept, the information confidential. Second, the information can be kept confidential but for the challenged government action that may disclose it. Third, the disclosure would be harmful or embarrassing to a reasonable person. If the material does not meet this definition, then it is not eligible for the constitutional-privacy exception. If the material does meet it, however, then the custodian moves to the second, and final, part of the analysis.
In the second part of the analysis, the custodian must conduct a balancing test to determine whether the constitutionally protectable information must be disclosed. To conduct this test, the custodian determines whether the person's privacy interest outweighs the government's interest in disclosing it. If the privacy interest is weightier, then the material cannot be disclosed.
I cannot determine whether these definitions and rules apply to the personal material contained on page "12 of 36." This is because there may be a question whether, given his statements in the transcript, the former employee wants to and has kept the personal information private. The custodian must make that determination in light of the above principles and the facts known by or available to the custodian.
There is a second set of information relating to one of the employees mentioned in the transcript that must be redacted. The transcript contains the names of several employees and Commissioners, along with various kinds of job-related information about each. A single employee-evaluation record can evaluate one or more employees. For purposes of the evaluation record, any employee(s) evaluated by that record can be considered the primary subject(s) of that record. All other employees mentioned in but not the primary subject of that record can be considered secondary subjects. Whether any particular employee is a primary or *Page 4 
secondary subject of the record is a question of fact to be answered by the custodian.
After making that initial factual determination, the custodian must apply different tests for the release of such information. The single record is considered the employee-evaluation of each primary subject and the personnel record of each secondary subject. Accordingly, custodians must redact the identities of and information about each primary subject for whom the four-part test (described in Opinion No. 2011-068) is not met. In contrast, the identities of and information about each secondary subject must be released unless doing so constitutes a clearly unwarranted invasion of personal privacy, which, as also noted in Opinion No. 2011-068, is the test for the release of personnel records.
In my opinion, applying these principles to the transcript yields the following results:
 • The Commissioners are the secondary subjects of the record. Accordingly, their identities and information about them must be released unless doing so constitutes a clearly unwarranted invasion of personal privacy. In this case, in my opinion, there is no need to redact their names or information about them because failing to do so would not amount to such an invasion.
 • Most of the material contained on page "16 of 36" to the top of page "17 of 36" should be redacted, in my opinion. This material is the personnel record of the employee being discussed, who appears to be a secondary subject of the record. Given the nature of what is being discussed — the kinds of allegations, the lack of official investigation, the involvement of minors, etc. — the release of this information would, in my opinion, constitute a clearly unwarranted invasion of personal privacy. Accordingly, it should be redacted.
Many other employees are mentioned in the transcript. Because I lack sufficient facts to determine whether this transcript was created to evaluate those employees, I cannot classify those other employees with any confidence. The custodian should apply the principles explained above to each named employee. *Page 5 
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN MCDANIEL Attorney General
[1] 298 Ark. 219, 766 S.W.2d 909 (1989).